**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GULFCO HOLDING CO., | : | Case No. 13-13113 (BLS) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION TO:
(I) ADJOURN PROSPECT CAPITAL CORPORATION'S MOTION PURSUANT TO
11 U.S.C. § 1112(B) TO DISMISS THE DEBTOR'S BANKRUPTCY CASE; AND
(II) COMPEL PROSPECT CAPITAL CORPORATION AND GULF COAST
<u>MACHINE & SUPPLY COMPANY TO RESPOND TO DISCOVERY</u>**

The above captioned debtor and debtor-in-possession (the "**Debtor**") by and through its undersigned counsel, hereby moves this Court, pursuant to sections 105 and 1112 of title eleven of the United States Code §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rules 1017, 7026, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to: (i) adjourn the hearing on Prospect Capital Corporation's ("**PCC**") Motion Pursuant to 11 U.S.C. § 1112(b) to Dismiss The Debtor's Bankruptcy Case [D.I. 45, filed Feb. 6, 2014] (the "**PCC Contested Matter**"), currently scheduled for a hearing on February 26, 2014 at 11:30 A.M. (the "**Hearing**"); and (ii) compel PCC and Gulf Coast Machine & Supply Company ("**GCMSC**") to respond to outstanding discovery requests and otherwise participate in discovery in connection with the PCC Contested Matter.  In support of this Motion, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1.     PCC and GCMSC remain steadfast in their belief that the discovery provisions of the Bankruptcy Rules do not apply to them.  Since December 30, 2013, the Debtor has made numerous requests for discovery from PCC and GCMSC.  Each time, PCC and GCMSC have refused to have any substantive discussions.  PCC and GCMSC even have ignored this Court's urgings to meet and confer in good faith.

2.     PCC has filed the PCC Contested Matter.  It is, as this Court has noted, a significant motion that will require discovery.  Despite the pendency of PCC's case dispositive motion that, if granted, will cause the loss of substantial value and claims that the Debtor sought to preserve through its reorganization, PCC again refuses to allow the Debtor to take discovery to defend itself.  Should PCC and GCMSC be permitted to continue evading their obligations under the Bankruptcy Rules, the Debtor will be forced to defend itself with its hands tied.

3.     The Debtor has attempted on four occasions to reason with PCC and GCMSC. They refuse to have any such discussions.  The Debtor, unfortunately, is left with no choice but to seek again this Court's intervention.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction to consider this PCC Contested Matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicates for the relief

requested herein are sections 105 and 1112 of the Bankruptcy Code and Rules 1017, 7026, 9014 and 9016 of the Bankruptcy Rules.

## FACTUAL BACKGROUND

5.      On November 27, 2013 (the "**Petition Date**"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  (*See* D.I. 1.)  As of the Petition Date, there was no litigation threatened or pending against the Debtor in any non-bankruptcy court.  The Debtor filed its petition seeking to reorganize, and, as part of that process, pursue avoidance and related actions against PCC (as well as against other parties) for unlawful pre-petition conduct.

6.      The Debtor continues to operate its property and manage its business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.      No committee of unsecured creditors has been appointed in this case.

8.      Beginning on December 30, 2013, the Debtor began a series of futile attempts to seek discovery of information from PCC that is vital to the Debtor's reorganization, including documents relating to PCC's unlawful transfer of the Debtor's wholly-owned subsidiary to itself.  On no less than four (4) separate occasions, PCC, however, has thwarted the Debtor's attempts to obtain basic discovery.

9.      On December 30, 2013, counsel for the Debtor contacted PCC's counsel to meet and confer in anticipation of the Debtor's issuance of a subpoena under Bankruptcy Rule 2004.  (*See* **Ex. A** [letter from M. Barrie to T. Davidson of Dec. 30, 2013].)  Counsel for PCC responded by requesting that all topics of examination and categories of documents be put in writing so that PCC could review the same, consult with its counsel, and meaningfully

participate in a meet and confer.  (*See* **Ex. B** [e-mail from T. Davidson to M. Barrie of Dec. 31, 2013].)

10.    On January 13, 2014, less than two weeks later, the Debtor transmitted to PCC written categories of documents, identification of witnesses, and topics of examination that the Debtor would seek from PCC under Bankruptcy Rule 2004.  (*See* **Ex. C** [letter from M. Barrie to T. Davidson of Jan. 14, 2014].)  Also on January 14, 2014, the Debtor transmitted to GCMSC written categories of documents, identification of witnesses, and topics of examination that the Debtor would seek from GCMSC under Bankruptcy Rule 2004.  (*See* **Ex. D** [letter from M. Barrie to D. Mackin of Jan. 14, 2014].)

11.    The next day, on January 15, 2014, counsel for PCC responded that it would participate in a meet and confer on January 17, 2014.  (*See* **Ex. E** [email from T. Davidson to M. Barrie of Jan. 14, 2014].)  GCMSC never responded to the Debtor's January 14, 2014 letter.

12.    On January 17, 2014, the Debtor and PCC participated in a telephonic meet and confer.  PCC, however, refused to participate meaningfully, stating that it wanted "to see where the case was going," and that it would not produce any discovery or witnesses.

13.    Having been twice rebuffed, the Debtor brought this discovery issue to the Court's attention at the January 27, 2014 hearing.  As a result, the Court Ordered that the Debtor file motions for issuance of a subpoena under Bankruptcy Rule 2004, which were to be heard on an expedited basis, and provide the Court context for which the discovery was sought.

14.    On January 31, 2014, the Debtor filed two motions for authorization to issue subpoenas under Bankruptcy Rule 2004 to: (1) PCC and (2) Gulf Coast Machine & Supply Company (collectively, the "**2004 Motions**").  (*See* D.I. 40, 41.)  In addition, to provide the Court (and PCC) with context for its 2004 Motions, the Debtor also commenced an adversary

proceeding on January 31, 2014, by filing a complaint against PCC (the "**Adversary Complaint**"). (*See* D.I. 39.) The Adversary Complaint, for which investigation continues, seeks, among other things, avoidance and recovery of the unlawful transfer of the Debtor's ownership and control of GCMSC to PCC.

15.    Only *after* the Debtor began seeking discovery from PCC, *after* the Debtor filed the 2004 Motions, and *after* the Debtor filed the Adversary Complaint, PCC filed the PCC Contested Matter on February 5, 2014. (*See* D.I. 45.) The hearing on the PCC Contested Matter is scheduled for February 26, 2014 at 11:30 a.m. (the "**Hearing**").

16.    In connection with the PCC Contested Matter, the Debtor served PCC with its First Request for the Production of Documents Directed to PCC on February 14, 2014 (the "**PCC Document Requests**"). (*See* D.I. 54.) A true and correct copy of the PCC Document Requests is annexed hereto as **Exhibit F**.

17.    On February 17, 2014, also in connection with the PCC Contested Matter, the Debtor served a document subpoena on GCMSC (the "**GCMSC Subpoena**"). (*See* D.I. 55.) A true and correct copy of the GCMSC Subpoena is annexed hereto as **Exhibit G**.

18.    On February 18, 2014, the Court held a hearing on, among other matters, the 2004 Motions. The Court denied the 2004 Motions on the grounds that appropriate discovery would occur in connection with the pending Adversary Proceeding and the PCC Contested Matter. (*See* **Ex. H** [pertinent pages of the transcript from the Feb. 18, 2014 Hrg.], 9:2-8, 11:7-20, 18:4-19:14, 24:7-20, 33:4-34:22.) Specifically, the Court noted, "there is likely some discovery that is appropriate for [the PCC Contested Matter]", (**Ex. H**, 24:17-19), and that "some evidentiary issues that would require inquiry or discovery." (**Ex. H**, 11:13-14.) The

Court also encouraged GCMSC to at least participate in the discussions with the Debtor and PCC regarding discovery.  (*See* **Ex. H**, 33:24-25.)

19.   Given the Court's acknowledgment that the PCC Contested Matter "is a significant one," (**Ex. H**, 34:10), the Court cautioned "if a party affected by a motion -- meaning the debtor in this case -- is not able to properly defend or respond to the motion because of a lack of information or a lack of discovery, that motion is not likely to get granted."  (**Ex. H**, 34:4-7.)

20.   After the hearing on the 2004 Motions, the parties agreed to engage in a meet and confer, at 12:00 noon on February 21, 2014.  At that meet and confer, counsel for PCC and GCMSC notified counsel for the Debtor that it believed discovery was not necessary because: (i) PCC would state in their reply to be filed at 4:00 p.m. later that day, and (ii) GCMSC would state in its written objections to the GCMSC Subpoena on February 24, 2014.

21.   Counsel for the Debtor promptly notified the Court of PCC's and GCMSC's refusal to engage in discovery.  (*See* D.I. 72, 73, filed on Feb. 21, 2014.)

22.   Later on February 21, 2014, PCC filed Prospect Capital Corporation's Reply in Further Support Of Its Motion Pursuant To 11 U.S.C. §1112(B) To Dismiss The Debtor's Bankruptcy Case (the "**PCC Reply**").  The PCC Reply, which is significantly lengthier than the PCC Contested Matter, raised a plethora of new issues that should have been asserted in its opening brief.  (*See* D.I. 74.)  The PCC Reply — as further detailed below — also misleadingly asserts that facts necessary to grant PCC's relief are undisputed.

23.   On February 24, 2014, PCC served the Debtor with its discovery objections (the "**PCC Discovery Objections**"), asserting that it will not produce any documents "because no discovery is necessary to resolve the contested matter triggered..."  (*See* **Ex. I** [Prospect Capital

Corporation's Objection to Gulfco Holding Co.'s First Request for the Production of Documents Directed to Prospect Capital Corporation, dated Feb. 21, 2014].)

24.    Also on February 24, 2014, GCMSC notified the Debtor that it objected to the GCMSC subpoena on relevancy grounds.  (*See* **Ex. J** [Letter from W. Chipman to M. Barrie of Feb. 24, 2014].)

25.    Since the Debtor's initial request for documents, PCC and GCMSC steadfastly have refused to engage in a single substantive discussion relating to the Debtor's discovery requests.

26.    PCC and GCMSC's latest objections mark the fourth time that PCC (and third time that GCMSC) have thwarted the Debtor's good faith attempts to take discovery so that it can properly defend itself in the "significant" PCC Contested Matter.

27.    Counsel for the Debtor attempted to convene a conference call with the Court to resolve these disputes.  Because the press of the Court's other judicial matters has prevented the Court from addressing these issues until the time designated for the Hearing, the Debtor — out of an abundance of caution — seeks the herein relief.

<div align="center">

**RELIEF REQUESTED AND BASIS THEREFOR**

</div>

28.    For the reasons set forth below, the Court should enter an Order adjourning the February 26, 2014 hearing and compel PCC and GCMSC to respond to the Debtor's outstanding discovery requests.

**I.    COMPELLING CIRCUMSTANCES WARRANT ADJOURNMENT OF THE FEBRUARY 26, 2014 HEARING**

29.    The Debtor submits that there are compelling circumstances to adjourn the Hearing, including because — as noted below — substantial discovery must occur and GCMSC

and PCC have repeatedly refused in the last two months to provide the Debtor with any discovery.

30.     The Bankruptcy Code requires the Court to commence and conclude the Hearing on the PCC Contested Matter within forty-five (45) days of February 6, 2014 unless "compelling circumstances" prevent the court from meeting such time limits. 11 U.S.C. § 1112(b)(3). This Court previously has found that compelling circumstances existed where there was: (1) an apparent need for substantial discovery in connection with the pending motion, and (2) there were pressing matters on the court's docket.   (*See* **Ex. K** [Letter from the Hon. Brendan L. Shannon to Counsel, Case No. 12-13262, D.I. 907].)

31.     Other courts also have found compelling circumstances to extend the time for the hearing on dismissal motions where there is extensive and contentious outstanding discovery. See In re SageCrest II LLC, 2010 Bankr. LEXIS 4592, at *6-8 (Bankr. D. Conn. Dec. 22, 2010) (finding sufficiently compelling circumstances where the court needed to consider each discovery request individually).   Bankruptcy courts also have found compelling circumstances where substantial discovery was involved, issues to be decided were complex and required significant judicial attention, and where the narrow timeframe was too burdensome on the court in consideration of its other pressing judicial matters.   See In re Pettingill Enters., 2013 Bankr. LEXIS 3996, at *10 (Bankr. D.N.M. Sept. 23, 2013) (finding compelling circumstances because of the court's docket and time necessary to complete an analysis of the issues); In re Wolper Constr. Co., 2009 Bankr. LEXIS 2595, at *6 (Bankr. D. Utah Sept. 2, 2009) (finding compelling circumstances where there was a press of judicial business and complexity of the case).   Several reasons in this case support a finding of compelling circumstances.

32.     **First**, PCC has refused outright to engage in any discovery in the last two months. GCMSC also has refused outright to engage in any discovery during the same time period. Without discovery, the Debtor cannot prepare an adequate defense to the PCC Contested Matter. As the Court recognized, there are evidentiary issues associated with the PCC Contested Matter. The Debtor submits that those evidentiary issues require substantial discovery in order for the Debtor to evaluate, fully respond, and be heard on the PCC Contested Motion and for the Court to have an adequate record to adjudicate the PCC Contested Matter.

33.     It also should not be lost on the Court that PCC filed its sixteen (16) page PCC Reply — in which PCC states a plethora of times that discovery is not necessary — on the same date that PCC and GCMSC notified the Debtor that it would produce no documents.  As the PCC Reply could not possibly have been drafted on the same day that PCC filed it, PCC knew earlier last week that it intended to defy this Court's urgings that they meaningfully participate in a meet and confer (and the Bankruptcy Rules' requirement that it engage in discovery).  PCC's deliberate delay in notifying the Debtor of its intentions not to engage in discovery until noon on Friday, less than three (3) full business days before the Hearing, was calculated conduct to prevent the Debtor from timely seeking Court intervention.

34.     **Second**, given the Debtor's need for discovery in the PCC Contested Matter, and PCC's and GCMSC's outright refusal to provide discovery, it is likely that the Court must be engaged to resolve parties' two month old discovery dispute, which will consume additional time.

35.     **Third**, given that PCC and GCMSC only notified the Debtor at noon last Friday that it would not provide discovery (for reasons not disclosed until 4:00 p.m. last Friday), and the unavailability of the Court to hear and determine this dispute until the day of the Hearing due to

the press of its other judicial business, the Debtor will not have had an opportunity to present its discovery needs to the Court until the date set for the Hearing.

36.    **Fourth**, the PCC Reply, which was filed at 4:00 p.m. last Friday, raises completely new issues that PCC should have and could have — but failed to — brief in the PCC Contested Matter.[1]  PCC could have and should have asserted each and every basis in its PCC Contested Matter that it believes supported its requested relief.  The Primestone Factors, the Adversary Proceeding, the transcript from the Court's December 4, 2013 status conference, the Debtor's monthly operating reports, and the Debtor's schedules of assets and liabilities all existed and were of record on February 4, 2014.  It is inexcusable that PCC waited until the PCC Reply to first raise allegations supporting the PCC Contested Matter. [2]

37.    The PCC Reply is essentially an amended motion to dismiss where PCC realized the shortcomings of the PCC Contested Matter.  PCC provides no explanation as to why it failed to appropriately brief these matters for the Court in its initial filing.

---

[1]  As an initial matter, PCC only advanced two arguments in the PCC Contested Matter:  (1) that this is a two party dispute, and (2) that the Debtor cannot confirm a plan of reorganization.  Moreover, PCC offered no evidence supporting its initial contentions.

[2]  The Third Circuit Court of Appeals and the Federal courts within the Third Circuit have held that arguments raised for the first time in a reply brief should not be considered.  Rodriguez-Tevez v. AG of the United States, 380 Fed. App'x. 240 (3d Cir. 2010); Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("[a]n issue is waived unless a party raises it in its opening brief . . ."); Nagle v. Alspach, 8 F.3d 141, 144 (3d Cir. 1993); Am. Home Mortg. Corp. v. First Am. Title Ins. Co., 2007 U.S. Dist. LEXIS 83337 (D.N.J. Nov. 8, 2007) ("[b]ecause Defendant raises this issue for the first time in its reply, the Court will not consider this argument."); D'Alessandro v. Bugler Tobacco Co., No. 05-5051, 2007 U.S. Dist. LEXIS 2735 (D.N.J. Jan. 12, 2007) ("[a] moving party may not raise new issues . . . in a reply brief that it should have raised in its initial brief.  The reason for not considering new bases for relief raised for the first time in a reply brief is self-evident: No sur-reply is permitted, so the opponent has no opportunity to address the new defense" (internal citations omitted)).

38.    The Debtor submits that PCC's conduct of waiting until 4:00 p.m. three business days before the Hearing to inform the Debtor — for the first time — of the bases for which it seeks dismissal constitutes a compelling circumstance to adjourn the Hearing.

39.    Congress did not impose time limitations on the Court under section 1112(b)(3) to reward movants that refuse discovery and spring surprises.  In light of PCC's and GCMSC's foregoing actions, the Court should find compelling circumstances exist to grant an adjournment.

## II.    THE COURT SHOULD COMPEL PCC AND GCMSC TO RESPOND TO THE DEBTOR'S DISCOVERY REQUESTS

### A.    The Bankruptcy Rules Provide That Discovery Applies In Contested Matters.

40.    The Bankruptcy Code and the Bankruptcy Rules require discovery in contested matters involving motions to dismiss.  Bankruptcy Rule 1017, which governs motions to dismiss, provides that Bankruptcy Rule 9014 "governs a proceeding to dismiss a case.  *See* Fed. R. Bankr. P. 1017(f)(1).  Bankruptcy Rule 9014 incorporates discovery requirements into contested matters.  *See* Fed. R. Bankr. P. 9014(c).

41.    The Bankruptcy Rules, as the Court noted at the February 16, 2014 hearing, afford the Debtor the ability to take discovery in the PCC Contested Matter.  As a matter of fundamental fairness and due process, the Debtor cannot adequately defend itself without this discovery.

42.    PCC bases the PCC Contested Matter on eight points that it wrongly asserts are undisputed. The Debtor must be able to take discovery on those disputed points and the <u>Primestone</u> factors.

43.    Similarly, if PCC can meet its burden in showing that "cause" exists to dismiss this bankruptcy case — which it cannot — the Debtor may nevertheless present evidence of

"unusual circumstances," a finding of which compels the Court to deny the PCC Contested Matter.

44. In order for the Court to hold a just hearing on the PCC Contested Matter, PCC must be compelled to respond to all discovery requests from the Debtor.

### B.    Discovery Is Needed To Challenge PCC's Prima Facie Burden

45. PCC, as the movant, bears the burden of proving that "cause" exists to dismiss this bankruptcy case under section 1112(b) of the Bankruptcy Code.  That is clear from the plain text of the statute.  Section 1112(b)(1) of the Bankruptcy Code states, in relevant part, that "[e]xcept as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall … dismiss a case under this chapter … for cause[.]"  "Cause" for dismissal is defined in section 1112(b)(4) of the Bankruptcy Code. Since proof of "cause" is a prerequisite to dismissal under section 1112(b), it follows that the movant bears the burden of proving, through admissible evidence, that "cause" for dismissal exists.  If the movant does not prove that "cause," no one else will.

46. Despite the statute, Prospect, throughout its reply brief, repeatedly misrepresents to this Court that the Debtor bears the burden of *disproving* PCC's unsupported allegations. What PCC fails to recognize, however, is that the Debtor has no burden unless and until PCC establishes "cause."   Only then does the Debtor have the burden to prove that it filed its petition in good faith (if a prima facie case for bad faith is made) or that unusual circumstances exist, either of which would prevent the Court from dismissing this case.

47. PCC's position is an absurdity and contrary to law.  There is no proceeding in our civil jurisprudence that allows a party to move a court for relief, relieves that party of a burden of proof and discovery requirements, and shifts that initial burden to the non-moving party.

C.    **The Debtor Needs Discovery On Disputed Facts.**

48.    In Order to defend itself in the PCC Contested Matter, the Debtor must have the ability to challenge PCC's incorrect conclusion that application of the <u>Primestone</u> Factors warrant dismissal. Moreover, discovery is required to show that, to the extent any of these factors exist, it is solely because PCC's misconduct caused them to exist.   By the PCC Contested Matter, PCC is attempting to have this Court ignore all of the allegations made in the Adversary Proceeding that PCC's misconduct, and not the Debtor's actions, resulted in this bankruptcy.

a.    <u>Single asset case</u>.  PCC asserts the Debtor's case is a single asset case consisting of 100 shares of GCMSC.   Discovery is necessary for the Debtor to:

(i)    prove that it wholly owns GCMSC and not a mere fraction of GCMSC;

(ii)    prove that the Debtor owns causes of action against PCC;

(iii)    prove that the Debtor owns causes of action against the directors of GCMSC;

(iv)    prove that the Debtor likely has causes of action against the entity that sold GCMSC to it; and

(v)    understand why, if PCC believes that the Debtor is merely a "shell holding company," PCC required the Debtor to sign a $42 million guaranty.

b.    <u>Few unsecured creditors and ongoing business</u>.   PCC asserts that the Debtor has few unsecured creditors and no ongoing business. Notwithstanding that the Debtor has directors, officers, insurance, and pays taxes, among other things, discovery is necessary for the Debtor to prove:

> (i)    as of the Petition Date, it had other creditors, including a significant other creditor;
>
> (ii)    its other unsecured creditors have claims totaling thirty (30) percent of PCC's alleged claim;
>
> (iii)    as of today, the Debtor still has a significant other creditor;
>
> (iv)    PCC engaged in bad faith conduct to pay another creditor to release its claim so that it could create a two-party dispute;
>
> (v)    given PCC's post-petition conduct with respect to the administration of its loan to the Debtor, that PCC may not be a creditor of the Debtor;
>
> (vi)    the Debtor wholly owns GCMSC; and
>
> (vii)    GCMSC and its creditors, vendors, and employees are directly impacted by these proceedings;

c.    <u>Petition filed on eve of foreclosure</u>.  Without disclosing the details of the "event," PCC asserts that the Debtor commenced this bankruptcy case on the eve of an "event" that is analogous to a foreclosure.  Discovery is necessary for the Debtor to:

> (i)    understand what this undisclosed "event" was;
>
> (ii)    prove that this undisclosed "event" was not analogous to a foreclosure sale;
>
> (iii)    prove that the Debtor's bankruptcy filing did not affect PCC or this "event"; and
>
> (iv)    see what proof PCC has to support its assertion that the Debtor is using the automatic stay as a litigation tactic.

d.    <u>The Debtor has no cash or income</u>.  Although PCC asserts otherwise, it does not own GCMSC.  The Debtor owns it.  As the rightful owner, the Debtor is entitled to all of the cash and income its subsidiary produces.  Discovery is necessary for the Debtor to prove:

14

(i)      that it is the rightful owner of GCMSC;

(ii)     that it is entitled to the cash and income generated by GCMSC;

e.      <u>Two party dispute that can be resolved in a pending state court action</u>.

PCC asserts that the Debtor's case is a two party dispute that can be

resolved in another forum.   Discovery is necessary for the Debtor to

prove:

(i)      that this bankruptcy case is not a two party dispute;

(ii)     that as of the Petition Date, the Debtor has a significant creditor
         other than PCC;

(iii)    that as of today, the Debtor still has other significant creditors;

(iv)     that after the Petition Date, PCC engaged in bad faith to pay off
         another creditor to release its claim so that PCC could manufacture
         a two-party dispute;

(v)      given   PCC's   post-petition   conduct   with   respect   to   the
         administration of its loan to the Debtor, that PCC may not be a
         creditor of the Debtor;

(vi)     that the Debtor wholly owns GCMSC;

(vii)    that GCMSC and its creditors, vendors, and employees are directly
         impacted by these proceedings; and

(viii)   that there is no pending state court action

f.      <u>No pressure form non-moving creditors</u>.   PCC misleads the Court by

asserting that other creditors of the Debtor have not exerted pressure.

Discovery is necessary for the Debtor to prove:

(i)      that PNC Bank, National Association ("**PNC Bank**"), a $5.4
         million creditor of the Debtor, exerted pressure by asserting a
         default;

(ii)     that PNC Bank exerted pressure by installing a block on the
         Debtor's line of credit;

<div style="margin-left:2em">

(iii)    that PNC Bank exerted pressure by terminating the Debtor's line of credit; and

(iv)    that PNC Bank exerted pressure by accepting an offer from PCC to release its lien against the Debtor in exchange for GCMSC's agreement to pay a higher interest rate so that PCC could file the PCC Contested Matter.

</div>

g.    <u>Prepetition conduct was improper</u>.  On the one hand, PCC asserts that the Debtor engaged in unlawful conduct and misrepresents, both factually and contextually, allegations made by the Debtor in the Adversary Proceeding. On the other hand, PCC states that the Debtor is not entitled to discovery to prove that PCC's conduct caused the Debtor's actions, that the Debtor was justified to act in the manner it did, and that the Debtor held privilege to act in the manner in which it did.  Specifically, the Debtor needs discovery to prove:

<div style="margin-left:2em">

(i)    that PCC's misconduct caused the Debtor to act in the manner in which it did pre-petition; and

(ii)    that PCC's alleged misconduct of the Debtor was not, in fact, misconduct at all.

</div>

h.    <u>No possibility of reorganization</u>.  The Debtor has presented several ways that it can reorganize under Chapter 11.  Although PCC somewhat concedes that the Debtor has the ability to reorganize, the Debtor still would require discovery to prove:

<div style="margin-left:2em">

(i)    all of its burdens under 11 U.S.C. § 1129;

(ii)    the valuation of any and all pending or potential litigation that may result in a recovery in favor of the estate;

(iii)    the bad faith conduct of PCC that will result in the designation of PCC's vote under 11 U.S.C. § 1126(e); and

</div>

       (iv)    the bad faith conduct of PCC that will result in the equitable subordination of its claim under 11 U.S.C. § 510.

i.    <u>Debtor filed solely to create automatic stay</u>.  PCC wrongly asserts that the Debtor filed the bankruptcy to create the automatic stay.  The Debtor requires discovery to prove:

       (i)    that the automatic stay had no effect on PCC;

       (ii)    that PCC engaged in one or more transactions with GCMSC after the Petition Date without regard to the automatic stay; and

       (iii)    that there was no pending action as of the Petition Date that was adversely impacted by the automatic stay.

j.    <u>Subjective intent of the debtor</u>.  PCC erroneously contends that the Debtor's subjective intent weighs in favor of dismissal.  The Debtor requires discovery to:

       (i)    understand what PCC believes the Debtor's subjective intent was;

       (ii)    to prove that it was PCC's unlawful conduct that required the Debtor to seek relief from this Court.

49.   The Debtor need not take discovery on the <u>Primestone</u> Factors relating to previous bankruptcy petitions or the timing of the formation of the Debtor as PCC concedes that the Debtor is not a serial filer and that the Debtor was not formed immediately preceding the Petition Date.

50.   The discovery required above will refute most — if not all — of PCC's assertions on page one of the PCC Reply that there is undisputed evidence, let alone undisputed evidence that warrants dismissal.

51.   Finally, PCC and GCMSC cannot, in good faith, contend that discovery is not necessary where the Court must conduct a fact intensive inquiry.  The Third Circuit has noted that dismissal for a bad faith filing is a "totality of facts and circumstances" test to determine

whether the petition was filed for a "valid reorganizational purpose." <u>SGL Carbon</u>, 200 F.3d at 165-66. <u>See also</u> <u>15375 Memorial</u>, 589 F.3d at 618; <u>Integrated Telecom</u>, 384 F.3d at 120. The test is a "fact intensive inquiry" which requires a determination of where "the [bankruptcy] petition falls along the spectrum ranging from the clearly acceptable to the patently abusive." <u>SGL Carbon</u>, 200 F.3d at 162."  The Debtor requires discovery to show the totality of the facts and circumstances leading up to and requiring its bankruptcy filing and to prove, if necessary, that its bankruptcy was filed for a valid reorganization purpose.

**D.    Even If Cause Is Shown — Which It Cannot Be — The Debtor Is Entitled To Discovery To Prove "Unusual Circumstances" Exist That Require The Court To Deny The Motion.**

52.    Notwithstanding whether or not "cause" for dismissal is proven by PCC, section 1112(b)(2) of the Bankruptcy Code prohibits dismissal "if the court finds and specifically identifies *unusual circumstances* establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—

> (A)    there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> (B)    the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>> (i)for which there exists a reasonable justification for the act or omission; and
>> (ii)that will be cured within a reasonable period of time fixed by the court.

(The "**Unusual Circumstances Test**")  <u>See</u> 11 U.S.C. § 1112(b)(2).

53.    Discovery is needed to evaluate and establish both parts of the Unusual Circumstances Test, which requires: (1) the Court to evaluate whether "unusual circumstances"

are present and (2) the Debtor to establish the requirements set forth in subsections (A) and (B).

54.   The unusual circumstances should relate to conditions that are not common in Chapter 11 cases.  In re Grasso, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013) (citing Fidelity Deposit & Disc. Bank v. Domiano (In re Domiano), 442 B.R. 97, 107 (Bankr. M.D. Pa. 2010) ("unusual circumstances require a showing that there is a reasonable likelihood that a Chapter 11 plan will be confirmed within a reasonable period of time"); In re Orbit Petroleum, Inc., 395 B.R. 145, 149 (Bankr. D.N.M. 2008) (finding that likelihood that unsecured creditors would be paid in full was 'unusual circumstances' sufficient to show that conversion or dismissal was not in the best interests of creditors); Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.05[2] (16th Ed. 2013) ("the word 'unusual' contemplates facts that are not common to chapter 11 cases generally.").

55.   The Delaware Bankruptcy Court identified the "impact upon shareholders, employees and customers" and whether pursuit of certain pending litigation was in the best interest of shareholders is appropriate as potential unusual circumstances "worthy of consideration" under the Unusual Circumstances Test.  In re Sco Grp., 2009 Bankr. LEXIS 4731, at *15-16 (Bankr. D. Del. Aug. 5, 2009).

56.   Here, PCC's misconduct that resulted in the purported transfer of the ownership of the Debtor's primary income producing asset to itself constitutes an "unusual circumstance." PCC now exerts control over GCMSC, even though it is not the rightful owner.  In addition, it is an "unusual circumstance" in that Adversary Proceeding will impact Debtor's shareholders, the Debtor's subsidiary, and the creditors, vendors and employees of the Debtor's subsidiary.

57.    These, among other, unusual circumstances, must be developed in discovery to fully evaluate whether denial of the PCC Contested Matter should be prohibited under the Unusual Circumstances Test.

58.    Discovery also is required for the Debtor to prove that there is a reasonable likelihood that a plan will be confirmed within the requisite statutory timeframes.  Discovery, for example, is required to show PCC's misconduct that would warrant a designation of PCC's vote or equitable subordination of its claim.  In addition, discovery relating to who is the owner of GCMSC is necessary for the Debtor to meet its burden under the Unusual Circumstance Test.

**SIGNATURE PAGE TO FOLLOW**

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, substantially in the form filed herewith, (i) adjourning the hearing scheduled for February 26, 2014 on the PCC Contested Matter, (ii) compelling PCC and GCMSC to respond to the Debtor's discovery, and (iii) granting the Debtor such other and further relief as this Court deems just and proper under the circumstances.

<div align="right">

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**

</div>

Dated: February 25, 2014

By:   */s/ Michael J. Barrie*
Michael J. Barrie (No. 4684)
Jennifer R. Hoover (No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
jhoover@beneschlaw.com

- and -

David W. Mellott, Esq. (*pro hac vice*)
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Telephone:  (216) 363-4465
Facsimile:  (216) 363-4588
dmellott@beneschlaw.com

*Counsel for the Plaintiff Gulfco Holding Corp.*